BEiNKEEnoFF, C. J.
This is a petition in error filed in the district court of Fulton county, seeking to reverse a judgment of the court of common pleas of that county, and reserved for decision here.
It appears from the record, that on the 9th of October, 1860, Charles O. Allmen was elected a justice of the peace for Clinton township, Fulton county, was duly commissioned as such on the 10th of November following, and on the 22d of the same month gave an official bond according to law, which was approved by the trustees of the township, and deposited with the township treasurer. The condition of the bond was, that “ the said Charles O. Allmen shall well and truly pay over according to law all moneys which may come into his hands by virtue of his said commission, and shall *487 also well and truly perform every ministerial act that is enjoined upon him by law by virtue of his said office.” The sureties of Allmen named in the bond, and who subscribed the same with their several seals annexed, were Nathaniel Legget, Thomas Scott, and Shipman Loziere.
In April, 1862, the plaintiff in error, Stevens, became the owner, by assignment to him, of a judgment which had been obtained by his assignor, in the court of said justice, a few days before the assignment. The judgment was for the sum of two hundred and twenty-five dollars and costs. The whole amount of this judgment was, on the 24th of November, 1862, paid into the hands of the justice by the defendants therein. On the 8th of April, 1863, the justice paid over to Stevens, the assignee of the judgment, one hundred and .eight dollars, of the two hundred and twenty-five which he had received from the judgment debtors; leaving one hundred and seventeen dollars, besides interest and costs, still in his hands. Afterward, in September, 1863, Stevens demanded of the justice the balance of the judgment remaining in his hands, which the justice neglected and refused to pay over to him. Thereupon Stevens brought suit in the common pleas of Eulton county, against Allmen, and those of his sureties above named who were living, and the personal representatives of those who were dead, for the recovery of the balance so remaining in his hands.
And this is the original action in this case.
Allmen made default; but the other defendants answered, averring in substance, that prior to the delinquencies of said justice of the peace in the plaintiff’s petition set forth, he-had been guilty of like delinquencies in other cases; and that, thereupon, under the provisions of a statute hereinafter to be noticed, they had notified the trustees of said township that they were “unwilling to continue as surety for such justice of the peace.”
The plaintiff replied, taking issue upon all the facts in the answer alleged.
The parties, waiving a trial by jury, submitted the issues of law and of fact to the court, with the request that the *488 issues of law and of fact should be found separately. This was done; and upon the issues of fact made up by the answer and reply, the court found the matters of fact to be, in substance, these:
Prior to the recovery of the judgment owned by Stevens, Allmen had become delinquent in official duty, by refusing to pay over to other parties, on demand, moneys which came into his hands by virtue of his office; and such delinquency having come to the knowledge of his sureties, they verbally notified the township trustees of his delinquency, and that they were unwilling further to continue as his sureties. The trustees thereupon verbally directed the township clerk to write a note to Allmen, informing him that he was required to give other or additional security. This was done, the notice being signed by the township clerk alone. On the receipt of this notice, Allmen went to the township treasurer with whom his official bond was deposited, obtained it from that officer, and procured it to be subscribed by two other men; but no seal was annexed to thei/r names, nor were their names i/nserted in the body of the instrument. The trustees took no steps indicating that they regarded the office of All-men to have been vacated, nor to fill the vacancy, and he continued right on to act as a justice of the peace as before; and no record or journal entry of what had been done in the premises was ever made in the township books.
Such being the facts in the case, the court of common pleas gave judgment for the defendants; and'the rendering of that judgment is now assigned for error.
. We are of opinion that the plaintiff was entitled to judgment, and that the court below erred in giving judgment against him. The law governing the case is found in the act of May 1, 1851, “'supplementary to an act to regulate the election, contest of election, and resignation of justices of the peace.” 1 Swan & Critchfield’s Stat. 809, sections 1 and 2. It provides as follows:
Sec. 1. “ That if any justice of the peace shall neglect or x’efuse, on demand made for that pux’pose by the person exxtitled thereto, his agent or attoxmey, to pay over all money *489 by Mm received in Ms official capacity, for tbe nse of such person, the sureties of such justice of the peace, or any one of them, may give notice to the trustees of the township in which such justice of the peace resides, of the refusal of such, justice of the peace to pay over money collected by virtue of his office, and that he is unwilling to continue as surety for such justice of the peace.
Sec. 2. “ It shall be the duty of the trustees, or city council, upon such notice being given, to immediately inform such justice of the peace, in writing, of the refusal of his sureties to continue as such, and that he is required to give other or additional security; and if such justice of the peace shall give other security, to the satisfaction of such trustees or city council, it shall be deemed a substitute for the first security, and shall release them from all further liability as security for such justice; and if such justice shall fail to give other security, to the satisfaction of such trustees or city council, within ten days after having received a written notice from the trustees to that effect, such failure to give security shall be taken and deemed a resignation of his office, and the trustees shall proceed to fill such vacancy as in other cases.”
Waiving all 'other questions which have been and might be made in the case, it is enough to say that the sureties on the official bond of Allmen, at the beginning of his term of office, voluntarily became responsible for the fidelity and integrity of his official conduct. That responsibility must continue during Ms term of office, unless they become released from it under some provision of law. The only condition provided by law on which they can be released from their responsibility is this: that he “shall give other security to the satisfaction of the trustees.” No “other security” was given; none at all. The additional names subscribed to the official bond not appearing in the body of that instrument, there are no words of obligation to bind them, and they are of no significance whatsoever. The trustees did not declare the office vacant, nor proceed to fill it as if it were vacant. The sureties ought to have seen to it that this was done, or *490 to have held tbe trustees responsible for the non-performance of their duty. The obligation of tbe sureties remained in full force.
The judgment of the court of common, pleas will be reversed for error in law; and proceeding to render such judgment as that court ought to have rendered upon the facts found by it, there will be entered a judgment for the plaintiff, as claimed in his petition.
Scott, Welch, White, and Hat, JJ., concurred. .